ALVIN D. ROBINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robins v. Commissioner
Docket No. 9773-75.
United States Tax Court
T.C. Memo 1979-451; 1979 Tax Ct. Memo LEXIS 75; 39 T.C.M. (CCH) 470; T.C.M. (RIA) 79451; November 13, 1979, Filed Alvin D. Robins, pro se. W. Robert Abramitis, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Taxable
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Year
Deficiency
I.R.C., 1954
I.R.C., 1954
I.R.C., 1954
1965 $ 598.00 $ 29.90
1969
119.00
5.95
1970
761.00 $ 1.50
38.05
1971
39,556.16
7,476.54
1,977.80 $ 879.00
1972
48,642.00
11,067.00
2,432.00
1,382.00
1973
26,868.00
5,630.00
1,343.00
686.00
*77 The only issue which remains to be decided is whether certain distributions to petitioner during the taxable years 1971, 1972 and 1973 should be treated as a recovery of capital under section 301(c)(2), Internal Revenue Code of 1954, [1] or as gain from the sale or exchange of property under section 301(c)(3). The petition in the instant case was filed timely on November 6, 1975. Trial was set initially for August 30, 1976, but a continuance was granted in consideration of settlement possibilities. Settlement conferences proved fruitful, and a proposed stipulation of fact was prepared in accordance with agreements reached on December 3, 1976 between the parties. The proposed stipulated facts to which the parties agreed were these: 1. The petitioner's legal residence at the time the petition in this case was filed was 40 Star Island, Miami Beach, Florida 33139. He continues to reside at this address. 2. The petitioner failed to file income tax returns fo the taxable years 1968 through 1973, inclusive. 3. The petitioner concedes he has wage income in the following *78 amounts for the following taxable years: 1968
$5,331
1969
$2,925
1970
$6,360
1971
$52,794
1972
$23,550
1973
$23,400
4. The petitioner concedes that he is liable for the addition to the tax provided by section 6651(a)(1) for the years 1970, 1971, 1972 and 1973. 5. The petitioner concedes that he is liable for the addition to the tax provided by section 6653(a) for the years 1968 through 1973. 6. The petitioner concedes that he is liable for the addition to the tax provided by section 6654 for the years 1971, 1972 and 1973. 7. The parties agree that for the taxable years 1969 through 1973, inclusive, petitioner is entitled to a standard deduction as provided by section 141 as follows: Year
Standard Deduction
1969 $ 500
1970
500
1971
750
1972
1,000
1973
1,000
8. The parties agree that for the taxable years 1969 through 1973, the petitioner is entitled to deductions for exemptions as provided by section 151 and 152 as follows: Year
Exemption Deduction
1969 $ 600
1970
625
1971
1,350
1972
1,500
1973
1,500
9. Petitioner concedes that during the taxable year 1972 he had interest income in *79 the amount of $26. 10. The parties agree that the petitioner is entitled to a capital loss deduction in the amount of $1,000 for each of the taxable years 1968, 1969 and 1970. 11. Petitioer concedes that for the taxable year 1971 he had a net capital gain in the amount of $10,404. 12. The parties agree that during the taxable year 1972 petitioner had $33,000 worth of indebtedness forgiven by Land Services Inc.
13. The parties agree that for a portion of the taxable year 1971 the petitioner used as his personal residence a home owned by Land Services Inc. The fair rental value of that home for the period of time in which he resided there was $12,000. 14.The parties agree that during the taxable years 1972 and 1973 the petitioner used as his personal residence a hoe owned by Land Services Inc. The fair rental value of that home for the period fo time in which he resided there was $24,000 for each year. 15. The parties agree that both the discharge of indebtedness in the amount of $33,000 referred to in paragraph 12 and the use of the home referred to in paragraphs 13 and 14 shall be treated as a distribution from Land Services Inc. to the petitioner subject to *80 the earnings and profits of Land Services Inc.
Having been advised on November 8, 1977 by petitioner's counsel that he would not stipulate to the facts set forth above, respondent filed a motion to compel stipulation in this case. Respondent's motion to compel stipulation was granted and petitioner was ordered to show cause why the facts and evidence recited in the proposed stipulation of facts should not be accepted as established for the purpose of this case. This case was called from the calendar of the December 5, 1977 trial session at Miami, Florida for trial and for hearing on the order to show cause. At that time petitioner's counsel filed a motion for continuance which was denied. In support of that motion, petitioner's attorney explained that he had been unable to contact the petitioner by any means other than regular mail. Petitioner refused to speak with his attorney by telephone and later disconnected his business telephone and changed his private telephone to an unlisted number. Communications sent to petitioner by certified mail were returned marked "refused." Communcations sent by ordinary mail, including copies of the order to show cause, were delivered but *81 remain unacknowledged and unanswered. Respondent orally moved that the case be dismissed for lack of prosecution. Tha motion was denied. No reason having been presented why the facts set forth in the proposed stipulation of facts should not be accepted as established for the purpose of this case, the order to show cause of November 16, 1977 was made absolute and the matters set forth in the proposed stipulation of facts were deemed admitted. Pursuant to the facts which were deemed admitted, petitioner's counsel and respondent stipulated that Land Services Inc. had no earnings and profits allocable to certain distributions from Land Services Inc. to petitioner in 1971, 1972 and 1973. The distributions in question were in kind rather than in cash, and consisted of two items: (1) use of a home by petitioner which use was valued at $12,000 in 1971, $24,000 in 1972 and $24,000 in 1973; and (2) discharge of petitioner's indebtedness in the amount of $33,000 during 1972. Since Land Services Inc. had no earnings and profits allocable to the distributions, the distributions were either a recovery of petitioner's basis in stock of the corporation under section 301(c)(2) or gain to *82 be treated under section 301(c)(3)(A) as gain from the sale or exchange of property. In order to allow petitioner to produce evidence as to his basis in stock of Land Services Inc. and thus to resolve the remaining issue, the record in this case was ordered to be held open for 30 days from the date when the order was served on petitioner. [2]
The Court's order of January 10, 1978 was served on petitioner by certified mail on January 13, 1978. The copy of this Court's order which was so served was returned to the Court marked "unclaimed." It was then ordered that the Court's order of January 10, 1978 be served again on petitioner both by regular and certified mail, and that the record be held open for 30 days from the date of such service to allow petitioner to submit evidence as to his basis in the stock of Land Services Inc. The order was served on February 16, 1978, the record was held open for the submission of evidence, and petitioner submitted no evidence as to his basis in the stock of Land Services Inc.
Petitioner bears the burden of proving that respondent's determinations *83 are incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142 (a), Tax Court Rules of Practice and Procedure. Respondent treated the in-kind distributions made by Land Services Inc. to petitioner as taxable income to petitioner, and the deficiencies determined by respondent were based in part upon which treatment. Petitioner produced no evidence to establish his basis in stock of Land Services Inc. and therefore it is impossible for us to decide whether and to what extent the distributions by that corporation to petitioner resulted in a nontaxable return of capital under section 301(c)(2). Petitioner having failed to carry his burden of proof, all of the amounts distributed to petitioner in 1971, 1972 and 1973 by way of the use of a house and the discharge of indebtedness must be treated under section 301(c)(3)(A) as amounts in excess of petitioner's basis in the stock of Land Services Inc. and as gain from the sale or exchange of property. To reflect concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. We granted the motion of petitioner's counsel to withdraw from this case on December 5, 1977.↩